UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Anna Val (AV-6590)
Attorney for Non-Parties
Iliya Goldstein and
Roman Vecheransky
79 Pine Street, Suite 178
New York, New York 10005
(212) 583-3300

```
-----------------------------------X
STATE FARM MUTUAL AUTOMOBILE       :
INSURANCE COMPANY AND STATE        :   Case No. 06-2896(SLT)
FARM CASUALTY COMPANY              :
                                   :
              Plaintiffs,          :
                                   :   NOTICE OF MOTION
  -against-                        :
                                   :
ROMAN TABAKMAN, M.D.,              :
IOANIS ATOYNATAN, M.D.,            :
ARON GOLDMAN, M.D.,                :
LEE CRAIG NAGOURNEY, M.D.,         :
LARISA LIVSHITZ, M.D.,             :
EDWARD STOLYAR, M.D.,              :
VLADIMIR VOLOKH, M.D.,             :
BRONX NEURODIAGNOSTICS, P.C.,      :
ROMAN MEDICAL SERVICES, P.C. and   :
WESTCHESTER NEURODIAGNOSTICS, P.C., :
                                   :
              Defendants.          :
-----------------------------------X
```

PLEASE TAKE NOTICE that upon the annexed affirmation of

Victor A. Worms, dated July 16, 2008, and upon the exhibits

annexed thereto, the accompanying memorandum of law in support of

this motion, and the pleadings herein, non-parties Iliya

Goldstein and Roman Vecheransky, will move this court before the

Hon. Joan M. Azrack, United States Magistrate Judge, on August

19, 2008, for an order, pursuant to Rule 45(b) and Rule

45(c)(3)(iv), to quash the subpoenas which the plaintiffs served

upon requiring them to appear for depositions in this action.

Dated: New York, New York
        July 16, 2008

                            Anna Val
                            Attorney for non-parties
                            Iliya Goldstein and Roman
                            Vecheransky

                            By: _____
                                Victor A. Worms (VAW-2234)
                                Of-Counsel
                            79 Pine Street, Suite 178
                            New York, New York 10005
                            (212) 583-3300

To: Katten Muchin Rosenman LLP
    Attorneys for plaintiffs
    575 Madison Avenue
    New York, New York 10022
    (212) 940-8800

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Anna Val (AV-6590
Attorney for Non-Parties
Iliya Goldstein and
Roman Vecheransky
79 Pine Street, Suite 178
New York, New York 10005
(212) 583-3300

------------------------------------X
STATE FARM MUTUAL AUTOMOBILE        :
INSURANCE COMPANY AND STATE         :    Case No. 06-2896(SLT)
FARM CASUALTY COMPANY               :
                                    :
            Plaintiffs,             :
                                    :    AFFIRMATION
  -against-                         :
                                    :
ROMAN TABAKMAN, M.D.,               :
IOANIS ATOYNATAN, M.D.,             :
ARON GOLDMAN, M.D.,                 :
LEE CRAIG NAGOURNEY, M.D.,          :
LARISA LIVSHITZ, M.D.,              :
EDWARD STOLYAR, M.D.,               :
VLADIMIR VOLOKH, M.D.,              :
BRONX NEURODIAGNOSTICS, P.C.,       :
ROMAN MEDICAL SERVICES, P.C. and    :
WESTCHESTER NEURODIAGNOSTICS, P.C., :
                                    :
            Defendants.             :
------------------------------------X

        I, Victor A. Worms, affirm under the penalty of perjury

that:

        1.  I am an attorney admitted to practice law before

this court and that I am of-counsel to Anna Val, the attorney for

non-parties Iliya Goldstein and Roman Vecheransky (hereafter the

"Non-parties").  As such, I am familiar with the facts and

circumstances stated herein.

        2.  I submit this affirmation in support of the motion

of Messrs. Goldstein and Vecheransky to quash the subpoenas which were served by State Farm requiring them to appear for depositions in this action. (A copy of the subpoenas and the affidavits of service are annexed hereto as Exhibit "A").

3.    The subpoenas should be quash, pursuant to Rules 45(b) and Rule 45(c)(3)(iv) of the Federal Rules of Civil Procedure respectively, because Mr. Goldstein was not served with the subpoena and it would be an undue burden for Mr. Vecheransky to appear for a deposition since State Farm and its counsel are abusing the subpoena power to engage in a fishing expedition for information which they hope to use to name Mr. Vecheransky as a party to this action.

**The Goldstein Subpoena**

4.    The subpoena which was purportedly served upon Mr. Goldstein required him to appear for a deposition on May 29, 2008.    The subpoena was allegedly served upon Mr. Goldstein on May 2, 2008.

5.    However, an examination of the affidavit of service which was submitted makes it clear that Mr. Goldstein was not served with the subpoena.

6.    In the affidavit of service, Mr. Goldstein is described as a "female", with "white skin", "brown hair", "51-65 yrs" old and approximately "131-160llbs" in weight.

7.    Mr. Goldstein is a male not a female.    It can

2

hardly be said that Mr. Goldstein was served with the subpoena when the affidavit of service is so completely inaccurate as to Mr. Goldstein's gender.

8. Rule 45(b) of the Federal Rules of Civil Procedures requires personal service of a subpoena in order for service to be effective. There is no indication that Mr. Goldstein was personally served with the subpoena and, thus, he cannot be compelled to appear for a deposition in this action.

9. As such, the court should quash the subpoena which was purportedly served upon Mr. Goldstein.

**The Vecheransky Subpoena**

10. The subpoena which was served upon Mr. Vecheransky should be quash because it would impose an undue burden upon him.

11. In a status letter to the court dated May 28, 2008, Alexis L. Cirel, of Katten Muchin Rosenmann, LLP, counsel for the State Farm stated the following:

> 5) Nonparties Oleg Yevdosin and Lada Management. As Your Honor is aware, there are currently motions pending with respect to these parties. At this time State Farm intends to add these parties to an amended complaint. (Emphasis added)

(A copy of Ms. Cirel's letter of May 28, 2008 is annexed hereto as Exhibit "B").

12. If State Farm intends to add Lada Management and Mr. Yevdosin as parties to this action, as stated by Ms. Cirel, it is fair to conclude that State Farm intends to add others as parties to this action who may have had a relationship to Lada

3

Management and Mr. Yevdosin.

13. Thus, the subpoena which was served upon Mr.
Vecheransky is merely designed to allow State Farm and its
counsel to engage in a fishing expedition to obtain information
which they hope can be used to also add Mr. Vecheransky as a
party to this action.

14. In effect, State Farm is attempting to conduct
pre-action discovery against Mr. Vecheransky by serving him, as a
non-party, with a subpoena to obtain testimony from him so that
it can use that testimony to name him as a party in this action.

15. This is a manifest abuse of the subpoena power by
State Farm and its counsel.

16. This flagrant abuse of the subpoena power by State
Farm and its counsel has become a familiar pattern in this
action.

17. State Farm and its counsel served subpoenas upon
Lada Management for documents and to conducted the deposition of
Mr. Yevdosin.

18. During the depositions of Mr. Yevdosin, counsel
for State Farm did not seek information that would assist in
proving its claims against Dr. Roman Tabakman and the other
parties named in the action.

19. Instead, counsel for State Farm used the
depositions as one gigantic fishing expedition for information

4

which be could used to justify naming Lada Management and
Yevdosin as parties to this action.

20.  Under the Federal Rules of Civil Procedure, a
plaintiff normally cannot obtain discovery against a party until
that party has been named in a lawsuit.

21.  Cynically, state Farm and its counsel have found a
way to circumvent that legal prohibition by serving subpoenas
upon non-parties whom they intend to add to this action, conduct
their depositions and using the information which they obtained
from these non-parties to seek to add them to this action.

22.  State Farm and its counsel did this with Lada
Management and Mr. Yevdosin and there is every reason to believe
that they will do the same thing with Mr. Vecheransky.

23.  This abuse of the subpoena power by State Farm and
its counsel should not be permitted by this court.

24.  Therefore, the court should quash the subpoena
which was served upon Mr. Vecheransky, pursuant to Rule
45(c)(3)(iv).

Dated: New York, New York
       July 16, 2008

Víctor A. Worms

5

EXHIBIT "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court

*Eastern District of New York*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE FARM FIRE &
CASUALTY COMPANY,

                       Plaintiffs,

      v.

ROMAN TABAKMAN, M.D., et. al.

                Defendants.

                            SUBPOENA IN A CIVIL CASE

                            Case No. 06-CV-2896 (SLT)(JMA)

TO:  Ms. Iliya Goldstein

      425 Neptune Ave., Apt. 1A
      Brooklyn, NY 11224
      -or-
      509 Tarrytown Ave.
      Staten Island, NY 10306
      -or-
      3827 Oceanic Ave., Apt. 1
      Brooklyn, NY 11224

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition by a court reporter in the above case regarding your knowledge of certain matters relating to the above captioned action including, but not limited to, Lada Management, Inc., Oleg Yevdosin, Dr. Lee Craig Nagourney, and Dr. Roman Tabakman.**

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Katten Muchin Rosenman, LLP<br>575 Madison Avenue<br>New York, NY 10022 | May 29, 2008 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

    84291816_1

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

Please feel free to contact Alexis Cirel of Katten Muchin Rosenman LLP at (212) 940-6639 regarding any questions related to this subpoena.

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|
|                     |               |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR PLAINTIFF | April 7, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alexis L. Cirel, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, (212) 940-6639

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

84291816_1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

on _____
         DATE                              SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1 ) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(3) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

84291816_1

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

| COURT | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK | |
|---|---|---|

COUNTY OF

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE & CASUALTY COMPANY,

*Plaintiff(s)*

*against*

ROMAN TABAKMAN, M.D. ET AL.,

*Defendant(s)*

CASE Index No. 06-CV-2896(SLT)(JMA)

**AFFIDAVIT OF SERVICE OF SUBPOENA**
IN A CIVIL CASE, LETTER DATED 4-28-08

STATE OF NEW YORK, COUNTY OF **NEW YORK** SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at NORTH BRUNSWICK, NEW JERSEY

That on 5/2/08 at 7:55 A.M.. at 509 TARRYTOWN AVENUE, STATEN ISLAND, NEW YORK

deponent served the within subpoena on MS. ILIYA GOLDSTEIN witness therein named.
IN A CIVIL CASE, LETTER DATED 4-28-08

**INDIVIDUAL**
1. ☒ by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

**CORPORATION**
2. ☐ a corporation, by delivering thereat a true copy to
personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be thereof.

**SUITABLE AGE PERSON**
3. ☐ by delivering thereat a true copy to a person of suitable age and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐ by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE**
**USE WITH 3 OR 4**
4A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS**
**USE WITH 3 OR 4**
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

**DESCRIPTION**
**USE WITH**
**1, 2, OR 3**
☒

| ☐ Male ☒ Female | ☒ White Skin ☐ Black Skin ☐ Yellow Skin ☐ Brown Skin ☐ Red Skin | ☐ Black Hair ☒ Brown Hair ☐ Blonde Hair ☐ Gray Hair ☐ Red Hair | ☐ White Hair ☐ Balding ☐ Mustache ☐ Beard ☐ Glasses | ☐ 14-20 Yrs. ☐ 21-35 Yrs. ☐ 36-50 Yrs. ☒ 51-65 Yrs. ☐ Over 65 Yrs. | ☐ Under 5' ☐ 5'0"-5'3" ☒ 5'4"-5'8" ☐ 5'9"-6'0" ☐ Over 6' | ☐ Under 100 Lbs. ☐ 100-130 Lbs. ☒ 131-160 Lbs. ☐ 161-200 Lbs. ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ 65.00 the authorized traveling expenses and one day's witness fee.

Sworn to before me on
5/2/08

JOHN DICANIO
Notary Public, State of New York
No. 01DI4977768
Qualified in Westchester County
Commission Expires Feb. 11, 2011

PRINT NAME BENEATH SIGNATURE
ADRIANO GINES

License No. 845419

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court

*Eastern District of New York*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE FARM FIRE &
CASUALTY COMPANY,

Plaintiffs,

V.

ROMAN TABAKMAN, M.D., et. al,

Defendants.

SUBPOENA IN A CIVIL CASE

Case No. 06-CV-2896 (SLT)(JMA)

TO:  **Roman Vecheransky**
**3000 Ocean Pkwy., Apt. 6D**
**Brooklyn, NY 11235**
-or-
**919 E. 107ᵀᴴ St.**
**Brooklyn, NY 11236**
-or-
**930 Madison St.**
**Woodmere, NY 11598**
-or-
**446 Bunker Dr.**
**Oceanside, NY 11572**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition by a court reporter in the above case regarding your knowledge of certain matters relating to the above captioned action including, but not limited to, Lada Management, Inc., Oleg Yevdosin, Dr. Lee Craig Nagourney, and Dr. Roman Tabakman.**

| PLACE OF DEPOSITION: | DATE AND TIME |
| --- | --- |
| Katten Muchin Rosenman, LLP<br>575 Madison Avenue<br>New York, NY 10022 | ~~JUNE~~ ~~May 27~~, 2008 at 10:00 a.m. |

84291804_1

07/11/2008  04:24 PM                                      From:                To:
07/11/2008  FRI 16:02  FAX 2129407179  KATTEN MUCHIN ROSENMAN  Filed 07/16/08  Page 14 of 25 PageID #:702  ☒014/024

Case 1:06-cv-02896-MKB-JMA  Document 101  Filed 07/16/08  Page 14 of 25 PageID #:702

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

Please feel free to contact Alexis Cirel of Katten Muchin Rosenman LLP at (212) 940-6639 regarding any questions related to this subpoena.

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|
|                     |               |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _ATTORNEY FOR PLAINTIFF_ | April 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alexis L. Cirel, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, (212) 940-6639

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

84291804_1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED | PLACE |
| --- | --- |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

| on | | |
| --- | --- | --- |
| | DATE | SIGNATURE OF SERVER |

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

#### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

#### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

84291804_1

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

| | COURT | UNITED STATES DISTRICT COURT | |
|---|---|---|---|
| COUNTY OF | | EASTERN DISTRICT OF NEW YORK | |

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AND STATE FARM FIRE & CASUALTY COMPANY,

*Plaintiff(s)*

*against*

ROMAN TABAKMAN, M.D. ET AL.,

*Defendant(s)*

CASE
INDEX No. 06-CV-2896 (SLT)(JMA)

**AFFIDAVIT OF
SERVICE OF SUBPOENA
IN A CIVIL CASE, LETTER DATED
4-28-08**

STATE OF NEW YORK, COUNTY OF   NEW YORK      SS:   The undersigned, being duly sworn, deposes and says: deponent is no
party herein, is over 18 years of age and resides at CORONA, NEW YORK
That on   5/19/08       at 10:15 P.M., at 930 MADISON STREET, WOODMERE, NEW YORK
deponent served the within subpoena on     ROMAN VECHERANSKY              witness therein name
IN A CIVIL CASE, LETTER
DATED 4-28-08

**INDIVIDUAL**
1. ☒   by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in sa
subpoena.

**CORPORATION**
2. ☐   a            corporation, by delivering thereat a true copy to
personally. deponent knew said corporation so served to be the corporation witness and knew said individual to
thereof.

**SUITABLE AGE PERSON**
3. ☐   by delivering thereat a true copy to                          a person of suitable a
and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the sta

**AFFIXING TO DOOR, ETC.**
4. ☐   by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual pla
of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discreti
thereat, having called there

**MAILING TO
RESIDENCE
USE WITH 3 OR 4**
5A. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witne
at witness' last known residence, at                                       and deposit
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO
BUSINESS
USE WITH 3 OR 4**
6B. ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope proper
addressed to witness at witness' actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bo
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that tl
communication was from an attorney or concerned an action against the witness.

**DESCRIPTION
USE WITH
1, 2, OR 3**
☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☒ Over 6' | ☒ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ 65.00          the authorized traveling expenses and one day's witness fe

Sworn to before me on
5/21/08

JOHN DICANIO
Notary Public, State of New York
No. 01DI4977768
Qualified in Westchester County
Commission Expires Feb. 11, 2011

JUAN D. AGUERRE

License No.    843839

EXHIBIT "B"

**Katten**

KattenMuchinRosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.8776 fax

ALEXIS L. CIREL
alexis.cirel@kattenlaw.com
212.940.6639 direct
212.894.5739 fax

May 28, 2008

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *State Farm v. Tabakman, et al.,* **06 CV 2896 (SLT)(JMA) (E.D.N.Y.)**

Dear Magistrate Azrack:

Pursuant to Your Honor's Order of May 9, 2008, State Farm submits this status report. As of the date of this filing, Plaintiff has reached a final resolution of its case as against many of the named defendants and nonparties represented at the January 24, 2008 in-court settlement conference. We list below the steps taken to effectuate these dispositions to date. As to the remaining parties and nonparties represented at the January 24th conference, we provide the status of settlement negotiations and/or steps toward amending the complaint.

**A.      Parties And Nonparties With Whom A Final Resolution Has Been Reached**

1)   Defendants Roman Tabakman, M.D. and his professional corporations ("Tabakman Defendants"). State Farm and the Tabakman Defendants have resolved their dispute pursuant to a Settlement Agreement and Mutual Release (the "Settlement Agreement"). Upon satisfaction of all conditions of the Settlement Agreement, State Farm will dismiss its claims against the Tabakman Defendants.

2)   Defendant Larissa Livshitz, M.D. State Farm and Dr. Livshitz have resolved their dispute pursuant to a Settlement Agreement and Mutual Release (the "Settlement Agreement"). Upon satisfaction of all conditions of the Settlement Agreement, State Farm will dismiss its claims against Dr. Livshitz.

3)   Defendant Vladimir Volokh, M.D. State Farm and Dr. Volokh have resolved their dispute pursuant to a Settlement Agreement and Mutual Release (the "Settlement Agreement"). Upon satisfaction of all conditions of the Settlement Agreement, State Farm will dismiss its claims against Dr. Volokh.

4)   Defendant Edward Stolyar, D.O. State Farm and Dr. Stolyar have resolved their dispute pursuant to a Settlement Agreement and Mutual Release (the



**Katten**

Katten Muchin Rosenman LLP

May 28, 2008
Page 2

"Settlement Agreement"). Pursuant to the Settlement Agreement State Farm will be dismissing its claims against Dr. Stolyar.

5) <u>Nonparties Gregory Shapiro and his management companies.</u>  State Farm has resolved its dispute with Shapiro and his companies pursuant to a Settlement Agreement and Mutual Release (the "Settlement Agreement").

6) <u>Nonparty Gregory Vinarsky.</u>  State Farm and Vinarksy have resolved their dispute pursuant to a Settlement Agreement and Mutual Release (the "Settlement Agreement").

**B.     Parties And Nonparties With Whom A Final Resolution Has Not Yet Been Reached**

1) <u>Defendant Nowell Howell, M.D.</u>  State Farm has agreed in principal to a settlement with Defendant Howell and the nonparty individuals and entities associated with the management of his clinics, and sent proposed agreements to their counsel.

2) <u>Defendant Lee Craig Nagourney, M.D.</u>  State Farm is engaged in on-going settlement discussions with counsel for Defendant Nagourney and is confident that a final resolution will be reached shortly.

3) <u>Defendant Ioanis Atoynatan, M.D.</u>   State Farm is engaged in on-going settlement negotiations with counsel for Defendant Atoynatan.

4) <u>Defendant Aron Goldman, M.D.</u>   Although State Farm had reached an agreement with defendant Goldman and sent a draft Settlement Agreement and Mutual Release to counsel, we are waiting for final word from counsel as to whether the proposed disposition will be finalized.

5) <u>Nonparties Oleg Yevdosin and Lada Management.</u>  As Your Honor is aware, there are currently motions pending with respect to these nonparties. At this time State Farm intends to add these nonparties to an amended complaint.

Respectfully submitted,

Alexis L. Cirel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Anna Val (AV-6590)
Attorney for Non-Parties
Iliya Goldstein and
Roman Vecheransky
79 Pine Street, Suite 178
New York, New York 10005
(212) 583-3300

-----------------------------------X
STATE FARM MUTUAL AUTOMOBILE       :
INSURANCE COMPANY AND STATE        :    Case No. 06-2896(SLT)
FARM CASUALTY COMPANY              :
                                   :
              Plaintiffs,          :
                                   :
  -against-                        :
                                   :
ROMAN TABAKMAN, M.D.,              :
IOANIS ATOYNATAN, M.D.,            :
ARON GOLDMAN, M.D.,                :
LEE CRAIG NAGOURNEY, M.D.,         :
LARISA LIVSHITZ, M.D.,             :
EDWARD STOLYAR, M.D.,              :
VLADIMIR VOLOKH, M.D.,             :
BRONX NEURODIAGNOSTICS, P.C.,      :
ROMAN MEDICAL SERVICES, P.C. and   :
WESTCHESTER NEURODIAGNOSTICS, P.C., :
                                   :
              Defendants.          :
-----------------------------------X

MEMORANDUM OF LAW OF NON-PARTIES ILLIYA GOLDSTEIN
AND ROMAN VECHERANSKY TO QUASH SUBPOENAS

PRELIMINARY STATEMENT

        This memorandum of law is submitted by non-parties

Iliya Goldstein and Roman Vecheransky (hereafter Non-parties")  in

support of their motion, pursuant to Fed.R.Civ.P. 45(b)

and 45(c)(3)(iv) respectively, to quash the subpoenas which were

served by plaintiff State Farm requiring them to appear for

depositions in this action.

The subpoena which was allegedly served upon Mr.
Goldstein should be quash because, as is made clear from the
affidavit of service, Mr. Goldstein was not personally served
with the subpoena. In fact, the affidavit of service indicated
that Mr. Goldstein was a female. This material error as to Mr.
Goldstein's gender leaves no doubt that the he was not served
with the subpoena.

Separately, the subpoena which was served upon Mr.
Vecheransky is merely being used to engage in a fishing
expedition by State Farm and its counsel. State Farm and its
counsel are not seeking information or evidence from Mr.
Vecheransky which would be relevant to their claims against Dr.
Roman Tabakman and the other parties named in this action.
Rather, State Farm and its counsel are seeking information from
Mr. Vecheransky which they hope can be used to him as a party to
this action.

State Farm and its counsel should not be allowed to
abuse the subpoena power to improperly conduct pre-action
discovery against non-parties whom they are seeking to add to
this action.

Thus, the subpoena which was served upon Mr.
Vecheransky was designed to annoy, harass and unduly burden him.
Therefore, the court should quash the subpoena which was served

2

upon Mr. Vecheransky

## STATEMENT OF FACTS

For a statement of the relevant facts, the court is

respectfully referred to the accompanying affirmation of Victor

A. Worms, dated July 16, 2008.

## ARGUMENT

THE SUBPOENAS SHOULD BE QUASHED BECAUSE
MR. GOLDSTEIN WAS NOT PROPERLY SERVED AND THE
SUBPOENA WHICH WAS SERVED UPON MR. VECHERANSKY
WOULD IMPOSE AN UNDUE BURDEN UPON HIM SINCE IT IS
BEING USED BY THE PLAINTIFF TO ENGAGE IN A FISHING
EXPEDITION

Fed. R. Civ. P. Rule 45(b) requires that service of a

subpoena upon a person named in the subpoena shall be made "by

delivering a copy to the named person . . . ."

In this case, there is no dispute that the subpoena was

not served upon Mr. Goldstein. In the affidavit of service, Mr.

Goldstein is described as a female. If the affidavit of service

is to be believed, the subpoena was served upon a female and not

upon Mr. Goldstein. Accordingly, Mr. Goldstein was not served

with the subpoena pursuant to Rule 45(b). Therefore, Mr.

Goldstein cannot be compelled to appear for a deposition in this

action and the subpoena which was purportedly served upon him

must be quash by this court.

The court should also quash the subpoena which was

served upon Mr. Vecheransky because the subpoena power is being

abused by State Farm and its counsel to conduct pre-action

3

discovery against a non-party whom there is every reason to believe State Farm is seeking to add as a party to this action. This transparent abuse of the subpoena power should not be countenance by the court.

The subpoena power is "a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." Theofel v. Farey Jones, 341 F.3d 978, 983 (9th Cir. 2003). The grave responsibility which accompanies the subpoena power seems to have been completely disregarded by State Farm and its counsel. Instead, like gangsters, State Farm and its counsel have been using the subpoena power, like a machine gun to put non-parties up against the wall and demand that they provide information so that they can be added to this action. This is simply outrageous and the court should put a stop to this abuse.

Under the Federal Rules of Civil Procedures, non-parties are entitled to special protection during discovery because it is acknowledged that they should not be subject to the same inconveniences and burdens as parties to a legal action.

Underlying the protection afforded non-parties is the need not to unduly burden those who are strangers to a lawsuit. Thus, a court should keep "this distinction between a party and a nonparty in mind when it determines the propriety of a nonparty's refusal to comply with a subpoena . . . ." Id.

4

For this reason, Rule 45(c)(3)(iv) requires the court
to quash a subpoena which "subjects a person to undue burden."

There is no question that the subpoena which State Farm
and its counsel served upon Mr. Vecheransky subjects him to an
undue burden.  In serving Mr. Vecheransky with a subpoena to
appear for a deposition, State Farm is seeking to obtain
testimony from Mr. Vecheransky which it hopes will provide the
basis for adding him as a party to this action.  Ms. Cirel has
already announced to the court, in her letter of May 28, 2008,
that State Farm intends to add Lada Management and Mr. Oleg
Yevdosin as parties to this action.  There is every reason to
believe that, while yet unstated, State Farm has the same
intention towards Mr. Vecheransky.

Therefore, State Farm is merely seeking to conduct the
deposition of Mr. Vecheransky as a way to engage in pre-action
discovery against him.  This is something which the federal rules
do not permit and it subjects Mr. Vecheransky to an undue burden.
Accordingly, the court should quash the subpoena which was served
upon Mr. Vecheransky.

## CONCLUSION

For the foregoing reasons, the subpoenas which were
allegedly served upon Iliya Goldstein and upon Mr. Roman
Vecheransky should be quash and the court should grant these non-
parties such other and further relief a to the court seems just

5

and proper.

Dated: New York, New York
      July 16, 2008

                    Respectfully submitted,
                    Anna Val
                    Attorney for non-parties
                    Iliya Goldstein
                    and Roman Vecheransky
                    79 Pine Street, Suite 178
                    New York, New York 10005
                    (212) 583-3300

By: _____
                    Victor A. Worms (VAW-2234)
                    Of Counsel

6